## IN THE UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DERRICK BAILEY,** | } |
| **Plaintiff,** | } |
| | } |
| **vs.** | }**CIVIL ACTION FILE NO.** |
| | }**1:13-CV-00941-RWS-ECS** |
| **CITY OF DOUGLASVILLE,** | } |
| **HARVEY K. PERSONS, III, in his** | } |
| **individual and official capacity as** | } |
| **Mayor, CHRIS WOMACK, in his** | } |
| **individual and official capacity as Chief** | } |
| **of Police, SGT. TODD GARNER, in his** | } |
| **individual and official capacity; CAPT.** | } |
| **ZACK ARDIS, in his individual and** | } |
| **official capacity, SGT. AMY BELCHER,** | } |
| **in her individual and official capacity;** | } |
| **MAJOR TOMMY WHEELER, in his** | } |
| **Individual capacity, JOHN DOE** | } |
| **Officers in their individual capacity,** | } |
| **Defendants.** | } |
| | / |

## SECOND AMENDED COMPLAINT FOR
## CIVIL RIGHTS VIOLATIONS

COMES NOW, Plaintiff, Derrick Bailey, pursuant to the Court Order, and

re-plead his complaint in tort for damages and shows the Court the following:

## I.    JURISDICTION AND VENUE

1.

This action is brought pursuant to the following provisions:

(1)    Employment Discrimination – 42 U.S.C. § 1981, as amended in 1991;

(2)     Deprivation of Civil Rights – 42 U.S.C. § 1983;

(3)     Conspiracy to Deprive of Civil Rights – 42 U.S.C. § 1985(3);

(4)     Interference with Employment Relations;

(5)     Damage to reputation – O.C.G.A. §§ 51-5-1 through 51-5-5;

(6)     Intentional Infliction of Emotional Distress – O.C.G.A. §§ 51-12-5 and 51-12-6.

2.

Federal and supplemental jurisdiction are conferred upon this Court by 28 U.S.C. §§1331, 1332, and 1367.

3.

Venue is proper in this jurisdiction, pursuant to 18 U.S.C. § 1965 and 28 U.S.C. §1391, in that the Defendants reside in this district in which a substantial part of the events or omissions giving rise to the claim occurred.

## II.   **PARTIES**

4.

Plaintiff, Derrick Bailey, (hereinafter, "Officer Bailey"), is a citizen of the United States and resident of Douglas County and the district in which a substantial part of the events or omissions giving rise to the claim occurred.

5.

Defendant, the City of Douglasville, has its principal place of business in

Douglasville, Georgia.   The City may be served through its agent, Harvey K. Persons, III at City Hall, 6695 Church Street, Douglasville, Georgia  30134.

6.

Defendant, Mayor Harvey K. Persons, III, (hereinafter, "Mayor Persons") was at all times pertinent hereto acting as Mayor of Douglasville, under color of state law, jointly and separately in the discharge of his duties and with the express authority of the City of Douglasville.  He may be served at 6695 Church Street, Douglasville, Georgia  30134.

7.

Defendant, Chief Chris Womack (hereinafter, Chief Womack") was at all times pertinent hereto acting as the Chief of Police, under color of state law, jointly and separately in the discharge of his duties and with the express authority of the City of Douglasville.  He may be served at 2083 Fairburn Road, Douglasville, Georgia  30135.

8.

Defendants, Sgt. Todd Garner (hereinafter, "Sgt. Garner"); Capt. Zack Ardis (hereinafter, Capt. Ardis"), and Sgt. A. Belcher (hereinafter, "Sgt. Belcher") were at all times pertinent hereto acting as a police officer, under color of law, jointly and separately in the discharge of their duties and with the express authority of the City of Douglasville.  They may be served at 2083 Fairburn Road, Douglasville,

Georgia  30134.

9.

Defendant, Major Tommy Wheeler (hereinafter, "Major Wheeler") and John Doe Officers were at all times pertinent hereto a deputy of the Douglas County Sheriff's Office, acting under color of state law, jointly and separately in the discharge of their duties and with the express authority of Douglas County.  They may be served at Douglas County Sheriff's Department, 8470 Earl D. Lee Blvd., Douglasville, Georgia 30134.

## III.   FACTUAL ALLEGATIONS

10.

Officer Bailey is a 48 year old African American male and has lived in Douglas County for approximately 22 years.

11.

Officer Bailey was first hired as a police officer with the City of Douglasville Police Department (hereinafter, "CDPD") in March 2010.

*Officer Bailey's Qualifications:*

12.

On Officer Bailey's hire date with CDPD, he had been POST certified for 24 years, and he had approximately 17.5 years-experience in law enforcement.

4

13.

Between May 2010 and June, 2012, Officer Bailey received above average

Employee Performance Appraisals from his Appraising Supervisors.

***Officer Bailey's Requests for Promotions, and the Denials***:

14.

In 2011, Officer Bailey applied for the position of Detective and the position

of Sergeant with the CDPD, on two separate occasions.  He was never promoted to

the position, and the Department never provided him with a reason why he was

never promoted.

***Officer Bailey's Complaints to CDPD and Chief Womack before Termination***:

15.

In a written complaint to Chief Womack, on April 26, 2011, Officer Bailey

complained that CDPD officers and Douglas County Sheriff's Office (DCSO)

deputies were racially profiling minority citizens and committing other

constitutional violations.

16.

Officer Bailey, further, complained that CDPD officers made racially

offensive comments and jokes about minorities; for example, that they described

black males as "black as shoe polish wearing all black, " and that they joked about

the city of Douglasville's logo representing a lynching tree.

17.

Officer Bailey complained that CDPD dispatchers were deliberately sending him to a disproportionate amount of calls, while white officers were not being dispatched as regularly as he was.

18.

In the complaint, Officer Bailey expressed to Chief Womack that he did not feel welcomed by lower management and CDPD officers, and that he felt he was working in a hostile working environment.

19.

For example, when Officer Bailey started his employment with DCPD, Sgt. Belcher issued him the password, "peccary" (meaning "black pig"), for his use of the mobile computer in the police vehicle.

20.

Officer Bailey, also, expressed to Chief Womack that he feared he would lose his job because he was making the complaints and speaking out about racial profiling and other violations.

***CDPD's Articulated Reason For Terminating Officer Bailey***:

21.

Sgt. Garner, Capt. Ardis, and Sgt. Belcher ordered Officer Bailey to rewrite incident reports that he created in September 2012 and October 2012, arising from

his response to a suspected shoplifting call, and they conducted an investigation against him.

22.

Officer Bailey expressed that a re-write would violate department policy.

23.

On October 22, 2012, the Department placed Officer Bailey on administrative leave with pay and subsequently suspended him for 3 days without pay.

24.

Subsequently, on November 8, 2012, Chief Womack and the Department charged Officer Bailey with conduct unbecoming, and, subsequently, Chief Womack and the COD terminated Officer Bailey on November 16, 2012.

25.

Prior to Plaintiff's termination, he did not have any write-ups or reprimands in his record.

26.

Officer Bailey immediately filed EEOC charges – Charge No. 410-3013-01694.[1]  Subsequently, Officer Bailey filed an unemployment application with the

---

[1]Plaintiff's EEOC claim is currently active.  The instant employment discrimination claim is brought pursuant to 42 U.S.C. §1981.

Department of Labor (DOL).  After the Department initially denied his application, he appealed and was awarded unemployment benefits.

**_Officer Bailey's Appeal of His Termination and His Continuing Complaints_**:

27.

On November 18, 2012, Officer Bailey filed an Appeal of his termination to the City of Douglasville.   In his appeal, Plaintiff wrote he believed he was terminated because he spoke out and complained that CDPD and DCSO Officers racially profiled minorities and committed other constitutional violations against minorities.

28.

Officer Bailey, also, complained that Douglas County Officers made racially offensive jokes about minorities.

29.

Additionally, he complained that officers in DCPD violated Department policies.

**_Differential/Disparate Treatment In Favor of Caucasian Officers_**:

30.

Between 2000 up to the time of the filing of the instant lawsuit on March 25, 2013, at least 18 other Caucasian law enforcement personnel (Officers Damon Partin, Robert Long, Bryan Gass, Greg Weaver,  Todd Garner, Dallas Hickman,

Tully Young, Stacy Fuller, Adam Forrester, Tim Roessel, Robert Lane, Ashley Sanders, Chris Johnson, Sadye Pittman, John Jackson, Torre Langley, Shane Graham; Sgt. Steve Morris, and Lt. Gil Guthrie and Lt. Mike McDonald) had multiple disciplinary incidents and write-ups, and they were not terminated, as a result of their actions.

### Officer Bailey's Appeal Hearing after Termination:

31.

On February 8, 2013, the City of Douglasville heard Officer Bailey's appeal.

### DCPD and DCSO Activity After Officer Bailey's Appeal and Reinstatement:

32.

On the evening of February 8, 2013, a DCSO's vehicle (occupied by two officers) followed Officer Bailey on I-20 as he drove his private vehicle from Douglasville into the City of Atlanta. The Douglas County officers followed him to his destination, walked into the establishment that Officer Bailey entered, and stared him down.

33.

On the following day, February 9, 2013, a DCSO and CDPD vehicle followed Officer Bailey as he drove his private vehicle on I-20 East.

34.

On the same day, Major Wheeler issued a "Be On The Look Out" (BOLO)

against Officer Bailey.[2]

35.

 The BOLO displayed Officer Bailey's photograph, and it described him as a "*loose cannon*."   In addition, the BOLO further stated: "*Consider this man a danger to any L.E.O. in Douglas County and act accordingly*."

36.

On February 28, 2013, when Officer Bailey returned to work at the CDPD; however, the Department did not restore him to full duty but, instead, assigned him to desk duty, filing in the Records Room.

37.

On this date, Chief Womack told Officer Bailey that the BOLO was issued against him because he was armed and dangerous, and he further stated that he had the power to cancel the BOLO by calling the Sheriff's Office.

38.

On March 19, 2013, the City of Douglasville's Mayor, Mayor Persons, and a board member of the Department of Labor (hereinafter, "DOL") reversed Officer Bailey's unemployment benefits and wrote in the Release that a trespass warrant was issued against him; consequently, Bailey was required to reimburse the DOL.

---

[2] Plaintiff discovered the BOLO had been issued against him when he returned to work on February 28, 2013.

39.

On March 22, 2013, Officer Bailey inquired to Capt. Sueann Shaw and Major Graff about the reported warrant and on the same day, the City of Douglasville placed Plaintiff on paid administrative leave, with no explanation for why he was placed on leave.

40.

Officer Bailey subsequently returned to work and was, again, placed on administrative leave, on December 13, 2013, after he made a request to Fred Perry (City Human Resources) that they permit him to see a minority counselor for stress.

## IV.   FEDERAL CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1981 – EMPLOYMENT DISCRIMINATION

41.

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, 10 through 31, and 33 through 40, as if specifically plead therein.

**RIGH TO MAKE AND ENFORCE CONTRACT**
**(Asserted against the City of Douglasville, Mayor Persons, Chief Womack,**
**Sgt. Todd Garner, Capt. Ardis, and Sgt. Belcher)**

42.

These Defendants, by their conduct and actions, as alleged by Officer Bailey

in paragraphs 11 through 27, and 36 through 40, violated Plaintiff's right to make and enforce contracts, based on his race (including the making, performance, modification, termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship).

## DISPARATE TREATMENT
**(Asserted against the City of Douglasville, Chief Womack, Sgt. Todd Garner, Capt. Ardis, and Sgt. Belcher)**

### 43.

The actions of these Defendants were done with a conscious intent to discriminate against Officer Bailey. Defendants singled him out and treated him less favorably than other Caucasian officers who were similarly situated to him and on account of his race, and the work rules in the SOP were not applied to white officers for much more severe incidents than Bailey, as alleged by Officer Bailey in paragraphs 12 through 20, 30, and 36 through 37, and 39 through 40.

### 44.

With Chief's Womack's authorization, Sgt. Garner, Capt. Ardis, and Sgt. Belcher instituted a discriminatory investigation against him, as alleged by Bailey in paragraphs 21 through 25, when they, routinely, did not investigate and discipline Caucasian officers who violated the SOP and committed more severe offenses. Officer Bailey was qualified for his job as a police officer; he was subject to an adverse action because of his race and his complaints of racial

profiling and other civil rights violations.

## HOSTILE WORK ENVIRONMENT
**(Asserted against City of Douglasville, Mayor Persons, Chief Womack, Sgt. Garner, Capt. Ardis, and Sgt. Belcher)**

### 45.

The conduct and actions of these Defendants, incorporated by reference in paragraph 41 above, were motivated by Officer Bailey's race, because he complained about racial profiling and other violations.  Defendants' conduct and actions were severe and pervasive to the extent the same altered the condition of Officer Bailey's employment, and they created an abusive work environment that was unwelcoming to him.

## RETALIATION

**(Asserted against the City of Douglasville, Chief Womack, Sgt. Garner, Capt. Ardis, and Sgt. Belcher)**

### 46.

Officer Bailey was engaged in statutorily protected activity when he complained that CDPD officers were racially profiling citizens and violating other constitutional provisions, as well as when he complained about the other issues, in paragraph 41 above, and he suffered adverse actions, as a result.

## FAILURE TO PROMOTE
### (Asserted against the City of Douglasville and Chief Womack)

47.

When Officer Bailey applied for promotions and inquired about getting promoted, he had a real present interest in the position, in that he was qualified and able to perform the job.  Officer Bailey was not promoted because of his race and because he complained that CDPD officers were racially profiling citizens and violating other constitutional provisions.  He would have applied for positions that he inquired about, but he was effectively deterred from applying because of the City's and Chief Womack's discriminatory practices.

## COUNT II
## 42 U.S.C. § 1983 – DEPRIVATION OF CIVIL RIGHTS

48.

Plaintiff incorporates by reference the allegations contained in paragraph 1 through 8, 10 through 31, 33, and 36 through 40, as if specifically plead therein.

## FOURTEENTH AMENDMENT DUE PROCESS
### (Asserted against the City of Douglasville, Mayor Persons, Chief Womack, Sgt. Garner, Capt. Ardis, Sgt. Belcher)

49.

Each Defendant, acting under color of law, engaged in or ordered or approved conduct that deprived Officer Bailey of rights, privileges, or immunities protected by the constitution or laws of the United States.

14

50.

The actions of these Defendants and their failure to act deprived Officer Bailey of a constitutionally protected interest in life, liberty, and property under the due process of law, which constituted a government deprivation of that interest, and constitutional inadequacies or procedures accompanied the deprivation, as follows:

## EQUAL PROTECTION
**(Asserted against the City of Douglasville, Mayor Persons Chief Womack, Sgt. Garner, Capt. Ardis, and Sgt. Belcher)**

51.

These Defendants' actions or inactions, as alleged by him in the above incorporated paragraphs was based on his race, and because he complained about racial profiling, and they represent a systemic violation of the civil rights of minorities in Douglasville. The failure of these Defendants to enforce the law and equally apply the rules and processes as to Officer Bailey, constituted a denial of his rights, privileges, or immunities secured by the federal constitution.

## FIRST AMENDMENT FREE SPEECH/RETALIATION
**(Asserted against the City of Douglasville, Mayor Persons, Chief Womack, Sgt. Garner, Capt. Ardis, Sgt. Belcher)**

52.

The actions of these Defendants, incorporated by reference in paragraph 48 above, were in retaliation for Officer Bailey addressing matters of public concern,

racial profiling, and other civil rights violations.  Bailey's speech was a substantial motivating factor in the Defendants' actions.

**Municipality Liability**
**(Asserted against the City of Douglasville and Chief Womack)**

53.

The City of Douglasville had policies and customs that constituted deliberate indifference to Officer Bailey's constitutional rights. The City was negligently, recklessly, and deliberately indifferent in failing to instruct, supervise, discipline, and/or control Chief Womack.  Chief Womack was negligently, recklessly, and deliberately indifferent in failing to instruct, supervise, discipline, and/or control the officers under his employ.  That failure was the moving force behind the malicious acts that were inflicted upon Officer Bailey.  The City of Douglasville knew or should have known that the violations occurred, and they failed to stop them from continuing to occur.

**FOURTEENTH AMENDMENT DUE PROCESS**
**(Asserted against Major Wheeler, and John Doe Officers)**

54.

Plaintiff incorporates by reference the allegations contained in paragraph 1 through 3, 9, 15, 27 through 28, and 32 through 35, as if specifically plead therein.

55.

The actions of these Defendants, directly or indirectly, deprived Officer

Bailey of a constitutionally protected interest in life and liberty under the due process of law, which constituted a government deprivation of that interest, and constitutional inadequacies or procedures accompanied the deprivation.

**FIRST AMENDMENT FREE SPEECH/RETALIATION**
**(Asserted against Major Wheeler and John Doe Officers)**

56.

The actions of these Defendants were in retaliation for Officer Bailey addressing matters of public concern, racial profiling, and other civil rights violations. Bailey's speech was a substantial motivating factor in the Defendants' actions.

**COUNT III**
**42 U.S.C. § 1985(3) – CONSPIRACY TO DEPRIVE OF CIVIL RIGHTS**

57.

Plaintiff incorporates by reference the allegations contained in paragraph 1 through 8, 10 through 31, 33, 36 through 37, and 39 through 40, as if specifically plead therein.

**FOURTHEENTH AMENDMENT DUE PROCESS**
**(Asserted against the City of Douglasville, Chief Womack, Sgt. Garner, Capt. Ardis, and Sgt. Belcher)**

58.

Each Defendant, acting under color of law, engaged in or ordered or approved conduct that deprived Officer Bailey and other minorities of their rights,

privileges, or immunities that are protected by the constitution or laws of the United States.

59.

The actions of the Defendants and failure to act, incorporated by reference in paragraph 57 above, deprived Officer Bailey and other minorities of a constitutionally protected interest in life, liberty, and property under the due process of law, which constituted a government deprivation of that interest, and constitutional inadequacies or procedures accompanied the deprivation, as follows:

**FOURTH AMENDMENT SEARCH AND SEIZURE**
**(Asserted against the City of Douglasville and**
**Chief Womack)**

60.

CDPD officers have systematically executed unlawful stops, arrests, search and seizures, detentions, and prosecution of minority citizens without a warrant and probable cause, as articulated by Officer Bailey in paragraphs 16 and 30. Such action or failure to act deprived them of their right to be secure in their person and to be free from unreasonable searches and seizures as protected by the Fourth Amendment of the United States Constitution.

## EQUAL PROTECTION
### (Asserted against the City of Douglasville, Chief Womack, Sgt. Garner, Capt. Ardis, and Sgt. Belcher)

61.

These Defendants, by their direct engagement in the activities, incorporated by reference in paragraphs 57 above, or by ordering or approving it, with intention, conspired to deny Officer Bailey and other minorities the equal protection of the laws, or equal immunities or privileges under the law. Defendants' actions were discriminatorily or invidiously motivated by a racial animus. Consequently, Office Bailey and minorities were injured or deprived of having and exercising any right or privilege of a U.S. citizen.

## MUNICIPALITY LIABILITY
### (Asserted against the City of Douglasville and Chief Womack)

62.

The City of Douglasville had policies and customs that constituted deliberate indifference to Officer Bailey's constitutional rights and the rights of other minorities, and the City was negligently, recklessly, and deliberately indifferent in failing to instruct, supervise, discipline, and/or control Womack. Womack was negligently, recklessly, and deliberately indifferent in failing to instruct, supervise, discipline, and/or control the officers under his employ. That failure was the moving force behind the malicious acts that were inflicted upon Officer Bailey and

other minorities.

63.

The City of Douglasville and Chief Womack knew or should have known that the aforementioned and following violations occurred, and they failed to stop them from occurring.

64.

Each and every act of the City and County Defendants, above, or their failure to act, was intentional, willful, wanton, and in reckless disregard of Officer Bailey's federally protected rights and the rights of other minorities.

65.

Each and every act of the City and County Defendants, above, or their failure to act, as named herein, was in violation of clearly established statutory or constitutional rights of which a reasonable officer should have known.

**COUNT IV**
**INTERFERENCE WITH EMPLOYMENT RELATIONS**
**(Asserted against Mayor Persons and Chief Womack, Sgt. Garner, Capt., Ardis, and Sgt. Belcher**

66.

Plaintiff incorporates the allegations contained in paragraphs 1 through 8, 10 through 14, 16 through 29, 33, and 36-40, as if specifically pled herein.

67.

Defendants' actions, as alleged by Officer Bailey, in the above paragraphs,

20

amount to conspiracy to interfere with his business relations and prospective economic growth, by maliciously procuring his termination and the Administrative Leave, and DOL's finding that a trespass warrant was issued against him.

**COUNT V**
**DEFAMATION**
**(Asserted against the City of Douglasville, Mayor Persons, Chief Womack, Sgt. Garner, Capt.  Ardis, and Sgt. Belcher)**

68.

Plaintiff incorporates the allegations contained in paragraphs 1 through 8, 10 through 14, 21 through 25, and 36 through 40, as if specifically pled herein.

69.

The statements, writing, and representations of Officer Bailey by these Defendants, were false, defamatory, and malicious - unprivileged statements concerning Officer Bailey, to a third party.  The publications tended to injure and did injure the professional reputation of Officer Bailey and exposed him to public contempt, humiliation, and ridicule, and his reputation and good name, in fact, have been damaged by reason of the defamation.

**(Asserted against Major Wheeler and John Doe Officers)**

70.

Plaintiff incorporates the allegations contained in paragraphs 1 through 3, 9, and 32 through 35, as if specifically pled herein.

21

71.

The statements, writings, and representations of Officer Bailey by these Defendants, were false, defamatory, and malicious - unprivileged statements concerning Officer Bailey, to a third party.  The publications tended to injure and did injure the professional reputation of Officer Bailey and exposed him to public contempt, humiliation, and ridicule, and his reputation and good name, in fact, have been damaged by reason of the defamation.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Asserted against the City of Douglasville, Mayor Persons, Chief Womack, Sgt. Garner, Capt. Det. Ardis, and Sgt. Belcher)**

72.

Plaintiff incorporates the allegations contained in paragraphs 1 through 8, 10 through 31, 36 through 40, as if specifically pled herein.

73.

The conduct of these Defendants was intentional, extreme, outrageous and insulting, so as to naturally cause humiliation, embarrassment, constituting mental anguish and suffering, and fear on the part of Officer Bailey, such that he is entitled to recover damages for severe emotional distress caused by Defendants' conduct.  Consequently, Plaintiff's quality of life has diminished.

**(Asserted against Major Wheeler and John Doe Officers)**

74.

Plaintiff incorporates the allegations contained in paragraphs 1 through 3, and 33 through 36, as if specifically pled herein.

75.

The conduct of these Defendants was intentional, extreme, outrageous and insulting, so as to naturally cause humiliation, embarrassment, constituting mental anguish and suffering, and fear on the part of Officer Bailey, such that he is entitled to recover damages for severe emotional distress caused by Defendants' conduct.  Consequently, Plaintiff's quality of life has diminished.

WHEREFORE, Plaintiff respectfully prays that this court allows this case to go forward, that a jury be empanelled, and that Plaintiff recover:

a) Actual and consequential damages as proven;

b) Compensatory damages;

c) Equitable relief, including promotion;

d) Damages for pain and suffering in an amount to be proved at trial;

e) Compensation for damage to reputation in an amount to be proved at trial;

f) Punitive damages in an amount to be proved at trial for malicious acts of the Defendants;

g)      Compensation for attorney fees in defending the above mention charges

        and for all other and further relief as the Court deems appropriate, and

        Plaintiff requests that the Court order the following:

h)      That the City of Douglasville Police Department and Douglas County

        Sheriff's Office implement tracking devices in City and County police

        vehicles;

i)      Provide ongoing diversity training, and

j)      Promote minorities in supervisory positions and to patrol.

JURY TRIAL DEMANDED

Submitted this 27th day of February, 2014.

                                        /s/ Lucinda Jones_____
                                         Lucinda Jones
                                          Georgia Bar No. 402509
                                         Attorney for Plaintiff

Post Office Box 90543
East Point, Georgia 30364
404-771-5790

**IN THE UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DERRICK BAILEY,** | } |
|        **Plaintiff,** | } |
| | } |
| **vs.** | }**CIVIL ACTION FILE NO.** |
| | }**1:13-CV-00941-RWS-ECS** |
| **CITY OF DOUGLASVILLE,** | } |
| **HARVEY K. PERSONS, III, in his** | } |
| **individual and official capacity as** | } |
| **Mayor, CHRIS WOMACK, in his** | } |
| **individual and official capacity as Chief** | } |
| **of Police, SGT. TODD GARNER, in his** | } |
| **individual and official capacity; CAPT.** | } |
| **ZACK ARDIS, in his individual and** | } |
| **official capacity, SGT. AMY BELCHER,** | } |
| **in her individual and official capacity,** | } |
| **DOUGLAS COUNTY, MAJOR** | } |
| **TOMMY WHEELER, in his individual** | } |
| **and official capacity, JOHN DOE** | } |
| **Officers in their individual and official** | } |
| **capacity,** | } |
|        **Defendants.** | } |
| | / |

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have this day served opposing counsel with Plaintiff's Second Amended Complaint for Civil Rights Violations with the Clerk of Court using the CM/ECF system. Plaintiff will send notification of such filing to the following attorneys of record, via, electronically:

Sharon P. Morgan
Elarbee, Thompson, Sapp &
Wilson, LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia  30303
404-659-6700
morgan@elarbeethompson.com

Theodore Freeman
Freeman Mathis & Gary, LLP
100 Galleria Pkwy., Ste. 1600
Atlanta, Georgia  30339
770-818-0000
tfreeman@fmglaw.com

Submitted this 27th day of February, 2014.

/s/ Lucinda Jones
Lucinda Jones
Attorney for Plaintiff

P. O. Box 90543
East Point, Georgia  30364
Georgia Bar No. 402509
Tele:  404-771-5790
Fax:  770-942-2051
advocate.lucinda@gmail.com