IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DERRICK BAILEY,                        :
                                       :
        Plaintiff,                     :
                                       :
v.                                     :        CIVIL ACTION NO.
                                       :        1:13-CV-0941-RWS
CITY OF DOUGLASVILLE,                  :
*et al.,*                              :
                                       :
        Defendant.                     :
                                       :

**ORDER**

This case is before the Court for consideration of the Report and

Recommendation ("R&R") [70] of Magistrate Judge E. Clayton Scofield, III.

Defendant Tommy Wheeler filed Objections [72] to the R&R, and Plaintiff

filed a Response [74] to those Objections. After reviewing the record, the Court

enters the following Order.

In the R&R, Judge Scofield recommends that Defendant Wheeler's

Motion to Dismiss Plaintiff's Second Amended Complaint [45] be granted in

part and denied in part. He recommends denial of the Motion as to Plaintiff's

claims for retaliation under the First Amendment and state law defamation. He

also recommends the John Doe officers not be dismissed as fictitious parties at this time. Defendant Wheeler's Objections challenge these recommendations.

Initially, Defendant Wheeler objects to the claims not being dismissed as shotgun pleadings or as failing to comply with the Court's previous order requiring Plaintiff to recast his Complaint. As to the claims which would survive based upon the recommendations in the R&R, the Court finds that they are not subject to dismissal on these grounds. Plaintiff has alleged sufficient, specific facts to put Defendant Wheeler on notice as to the claims against him. Therefore, his Objections on these grounds are overruled.

Defendant Wheeler asserts that Plaintiff's First Amendment retaliation claim is substantively deficient on several grounds. First, Defendant Bailey asserts that the R&R incorrectly attributes the actions of the unnamed John Doe officers and the City of Douglasville defendants to Defendant Wheeler. The Court agrees that Defendant Wheeler's liability should be judged based upon his conduct. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Thus, for purposes of its review of the claims against Defendant Wheeler, the Court will limit itself to the factual allegations involving Defendant Wheeler.

2

Defendant Wheeler also asserts that Plaintiff failed to allege that Defendant Wheeler took any material adverse action against him or acted with the motive of retaliating against him for exercising his First Amendment rights. Defendant Wheeler points out that Plaintiff alleged that he voiced concerns about racial profiling to supervisors in the City of Douglasville Police Department, not that he raised any concerns with anyone in the Douglas County Sheriff's office. While it is true that Plaintiff does not allege that he communicated directly with anyone in the Douglas County Sheriff's Office, he alleges three specific incidents that occurred on either the day that the City of Douglasville heard his appeal or the day after the appeal hearing. All three of these incidents involved officers with the Douglas County Sheriff's Office. Plaintiff alleges that the actions of these Defendants, including Defendant Wheeler, were in retaliation for Plaintiff having raised issues regarding racial profiling. (Second Am. Compl. [41] at ¶56.) Though Plaintiff does not allege how the officers obtained the knowledge about his complaint, Plaintiff clearly alleges that their actions were in retaliation for those complaints. Plaintiff also alleges that Defendant Wheeler took the specific adverse action of broadcasting a BOLO regarding Plaintiff with the intent of retaliating against him for

3

exercising his First Amendment rights. The undersigned finds that Defendant Wheeler's conduct alone "could contribute to an environment of intimidation that would likely deter a person of ordinary firmness from exercising his free speech rights." (R&R [70], at 27-28.)

Defendant Wheeler asserts that his statement was not sufficient to constitute an adverse action that would support a First Amendment claim. Recognizing that the conduct involved in the present case can be distinguished from that in Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005) and Abella v. Simon, 522 Fed. Appx. 872 (11th Cir. 2013), the Court finds that the action by Defendant Wheeler will support a First Amendment claim. The Court has no difficulty concluding that a law enforcement officer who had another officer broadcast a BOLO to other officers stating that other officers should consider the subject law enforcement officer "a danger to any L.E.O. in Douglas County and act accordingly" would be deterred in voicing concerns about the department if that conduct prompted the actions against him. The effect on the Plaintiff's standing within the law enforcement community cannot help but be damaged by the statement that he is a danger to his colleagues. The impact of the statement is heightened by the suggestion that officers should "act

4

accordingly." The uncertainty of what Defendant Wheeler was suggesting to his colleagues raises serious questions. The Court finds that, for purposes of a motion to dismiss, Plaintiff has adequately stated this cause of action.

Defendant Wheeler also objects to the conclusion in the R&R that he is not entitled to qualified immunity. The Court finds that the analysis in the R&R is complete and adopts the same. Therefore, the Objection is overruled.

Defendant Wheeler objects to the recommendation in the R&R that the Motion to Dismiss the state law defamation claim be denied. Defendant Wheeler objects to the finding in the R&R that his alleged statement was defamatory. Defendant Wheeler asserts that the statement was merely a subjective opinion and cannot serve as the basis for a defamation claim. The undersigned agrees with the analysis in the R&R and finds the statement is actionable.

Defendant Wheeler also asserts that Plaintiff failed to allege publication because his statement was issued only to other deputies. The Court declines to address this argument because Defendant Wheeler never raised this issue in the Motion to Dismiss or his Reply Brief. Therefore, the Court will not take up the issue for the first time on an objection to the Report and Recommendation. The

5

Court adopts the findings in the R&R as to those issues raised in the Motion to Dismiss.

Based on the foregoing, the R&R [70] is received with approval and adopted as the Opinion and Order of this Court. Accordingly, Defendant Wheeler's Motion to Dismiss Plaintiff's Second Amended Complaint [45] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted as to Plaintiff's Fourteenth Amendment Claim and IIED claim as alleged against Wheeler and denied as to Plaintiff's claims for retaliation under the First Amendment and state law defamation.

**SO ORDERED**, this ___16th___ day of March, 2015.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)